[823 NYS2d 207]

In the Matter of Emmanuel O. Onuaguluchi, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, October 24, 2006

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated August 4, 2005, containing six charges of professional misconduct. After a preliminary conference on October 27, 2005, and a hearing on December 27, 2005, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate under the circumstances. The respondent has neither cross-moved nor requested additional time in which to do so.

Charge One alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). Between approximately November 1, 2002, and January 31, 2004, the respondent maintained an IOLA account at Chase (now JP Morgan Chase) entitled "IOLA—Emmanuel O. Onuaguluchi PC.," for the deposit of funds entrusted to him as fiduciary, incident to his practice of law. In or about November 2003, the respondent represented Mr. and Mrs. Gerard Arthiste in connection with the sale of their property in Queens. On or about November 21, 2003, the respondent deposited sale proceeds of $33,505.20 into his IOLA account. Between that time and January 5, 2004, the respondent was required to maintain at least $15,752.60 on deposit in the IOLA account on behalf of Mrs. Arthiste. During that interval, the respondent's account was depleted below that amount to a low of $9,944.62 on January 5, 2004. On or about January 5, 2004, the respondent's IOLA check to the order of Mrs. Arthiste in the amount of $15,752.60 was dishonored due to insufficient funds.

Charge Two alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of

law, with personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent permitted legal fees to remain on deposit in his IOLA account after they were earned. He deposited other personal funds in his IOLA account as well. The respondent occasionally wrote checks on his IOLA account for personal expenses.

Charge Three alleges that the respondent drew an IOLA check to cash, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about November 14, 2002, the respondent drew IOLA check No. 1151, in the sum of $450 to cash.

Charge Four alleges that the respondent failed to maintain required bookkeeping records for his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent failed to maintain a contemporaneous ledger book or similar record detailing deposits into and withdrawals from his IOLA account.

Charge Five alleges that the respondent engaged in conflicts of interest, in violation of Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20), DR 5-105 (22 NYCRR 1200.24) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent represented Mr. and Mrs. Arthiste at the request of Mr. Bineto from U.S. Capital. The respondent had previously represented over 20 other real estate clients at Mr. Bineto's request. The respondent failed to disclose to Mr. and Mrs. Arthiste that he had a prior business relationship with Mr. Bineto and/or U.S. Capital. While representing the Arthistes, the respondent became aware that they were separated and living apart. Despite their potentially differing interests, the respondent represented the Arthistes without obtaining their respective consent to the simultaneous representation after full disclosure of the implications of the representation and the respective advantages and risks involved.

Charge Six alleges that the respondent used professional letterhead containing false, deceptive, and/or misleading information, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), DR 2-101 (a) (22 NYCRR 1200.6 [a]), DR 2-102 (a) (22 NYCRR 1200.7 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately April 2004 and November 2004, the respondent's

professional letterhead listed, as counsel, Uchenna S. Onuaguluchi, Jones Onuaguluchi, and Stella Onuaguluchi, his wife, uncle, and cousin, respectively. Although they were listed as "counsel," none of the foregoing were admitted to practice law in New York.

Based on the evidence adduced, the Special Referee properly sustained all six charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent was issued a letter of caution dated December 19, 2001, for bouncing an escrow check under circumstances where he failed to maintain a ledger or similar record of deposits into and withdrawals from his escrow account. The respondent's continued failure to maintain a ledger forms the basis of Charge Four of the current proceeding. Notwithstanding the respondent's apologetic and remorseful manner, his alleged lack of venality, and his claim to have been ignorant of the applicable rules of conduct, he is guilty of serious professional misconduct. Under the totality of circumstances, the respondent is disbarred.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Emmanuel O. Onuaguluchi, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Emmanuel O. Onuaguluchi, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Emmanuel O. Onuaguluchi is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

8

Ordered that if the respondent, Emmanuel O. Onuaguluchi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).